## Hartford Accident and Indemnity Company v. Brooks.

R. W. Rymer and J. K. Peck, for plaintiff; M. J. Martin, for defendant.

NEWCOMB, P. J., Oct. 25, 1927.—Replevin for certain railroad securities. The writ is challenged for want of a bond filed by plaintiff as required by law.

True, there was an instrument in writing intended to function as such bond. It ran in the name of plaintiff corporation, which it purported to bind for breach of its condition. This is the condition prescribed by the Replevin Act of April 19, 1901, P. L. 88.

But, instead of being executed in the name of the ostensible obligor under its corporate seal, the signatures were those of counsel, describing themselves as "attorneys for Hartford Accident & Indemnity Co.," without any·seal whatsoever.

The question thus raised seems to be one of first impression. At least our attention has been called to no authority directly bearing upon it. But it turns upon the proper effect to be given to the language of the Act of 1901, § 1, supra, so far as it relates to plaintiff's bond.

No question that the practice in replevin is regulated by this act. Neither is there any question that no valid writ in this form of action can issue in default of plaintiff's bond, first executed and filed with the prothonotary as required by the terms of the act. The single question, therefore, is whether the instrument filed here conformed to that requirement.

It was not executed or signed by plaintiff corporation, whose bond it purported to recite. The signature was that of counsel. The words added to the signature are no doubt descriptive of the professional relation of counsel to their client. But that on its face didn't serve to make it the plaintiff's obligation, even if it had been executed under seal.

In the absence of any context to control or vary its meaning, the word "bond," as used in the statute, must be deemed to have been used in its common-law and technical sense, in which the essential feature of a bond is the seal. The rule is general that, in the absence of a statute providing otherwise, a seal is of the essence of a bond, and no writing can have the qualities which attach to a bond without the seal of the party executing it; and in the absence of a seal, an instrument will not be construed as a sealed bond, although there is a recital in the body of the writing that the obligors have set their hands and seals thereto:· 9 Corpus Juris, § 19, page 14.

Indeed, under the common-law definition of a bond, signing is by no means essential to its validity. Sealing and delivery was the all-important thing: 9 Corpus Juris, § 17, page 13.

The conclusion is unavoidable that, (1) there is a material variance as between the recitals in this instrument and the form of its execution; (2) it is not a bond within the meaning of the statute referred to; and (3) for that reason the writ was improvidently issued.

The motion is, accordingly, allowed; the rule to show cause made absolute, and the writ quashed.                    From William A. Wilcox, Scranton, Pa.